UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Select Portfolio Servicing, Inc., § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | | C.A. No. C-06-309 |
| § | | |
| Paul Obersteller and All Other Occupants, § | | |
| Defendants. § | | |
| § | | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Defendant Paul Obersteller (Obersteller) removed this action to the Court on July 17, 2006, asserting that the Court has federal question jurisdiction and diversity jurisdiction. For the reasons stated below, the Court finds *sua sponte* that it lacks subject-matter jurisdiction over this action. *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 652 (5th. Cir. 2005) ("It is a settled principle that, before proceeding with a case, federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary.") (internal quotations omitted).

In his removal petition, Obersteller claims that the Court has federal question jurisdiction. *See* (D.E. 1, para. 4-6); 28 U.S.C. § 1331. The federal claims discussed by Obersteller are alleged as defenses to the state-law claims brought against him by plaintiff Select Portfolio Servicing Inc. (Select Portfolio). There are no federal claims present in Select Portfolio's complaint. "A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an

element, and an essential one, of the plaintiff's cause of action." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (internal quotations omitted). Because Select Portfolio does not allege a federal right in its complaint, the Court does not have federal question jurisdiction.

Obersteller also claims that the Court has diversity jurisdiction. *See* (D.E. 1, para. 2, 9); 28 U.S.C. § 1332. It is true that the parties are "diverse" in that it is alleged that they are from different states. However, Obersteller is a citizen of the State of Texas. (D.E. 1, para. 2). As such, he is incapable of properly removing this action from a Texas state court. 28 U.S.C. § 1441(b); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) ("even if complete diversity does exist, (a) case may not be removed from state to federal court if any defendant is a citizen of the state in which the action is brought"). Therefore, the Court does not have diversity jurisdiction.

Accordingly, because the Court does not have subject-matter jurisdiction over this action, the Court orders that this case be remanded, pursuant to 28 U.S.C. § 1447 (c), to the Justice of the Peace Court, Precinct 4, Position 1 of San Patricio County, Texas.

ORDERED this     21     day of     July    , 2006.

_____
HAYDEN HEAD
CHIEF JUDGE